UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PLUMBERS & GASFITTERS UNION LOCAL
NO. 75 HEALTH FUND, *et al.*,

    Plaintiffs,

 v.               Case No. 24-cv-124-pp

MARATHON PLUMBING COMPANY,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR ENLARGMENT OF TIME AND FOR LEAVE TO FILE ANSWER (DKT. NO. 16), GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT (DKT. NO. 7) AND DISMISSING CASE**

  On January 30, 2024, the plaintiffs filed a complaint alleging that the defendant violated §§502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA) and §301 of the Labor Management Relations Act of 1947 by failing to make payments to benefit funds as required by the applicable collective bargaining agreements. Dkt. No. 1. The plaintiffs' affidavit of service avers that the defendant's registered agent was served on April 15, 2024. Dkt. No. 3. Twenty-eight days later, on May 13, 2024, the plaintiffs asked the clerk to enter default because the defendant had not answered or appeared. Dkt. No. 5. The clerk entered default that day, and a month later, the plaintiffs filed the instant motion for default judgment. Dkt. No. 7.

  On August 23, 2024, more than two months after the plaintiffs filed their motion for default judgment, defense counsel filed a notice of appearance and a motion asking the court to enlarge the time for the defendant to answer the complaint. Dkt. Nos. 15, 16. The court will deny the motion to enlarge the time

1

to answer the complaint, grant the plaintiffs' motion for default judgment and dismiss the case.

I.  **Motion for Enlargement of Time to Answer (Dkt. No. 16)**

The plaintiffs' affidavit of service shows that the defendant's registered agent was served with the summons and complaint on April 15, 2024. Dkt. No. 3. Federal Rule of Civil Procedure 12(a)(1)(A)(i) requires a defendant to serve its answer "within 21 days after being served with the summons and complaint." In this case, the defendant's answer was due twenty-one days after the April 15, 2024 service date—by May 6, 2024. The defendant did not appear or file anything until August 23, 2024—over four months after service, over three months after the clerk entered default and over two months after the plaintiffs filed the motion for default judgment.

Because the time to file an answer had expired when the defendant filed its motion for an enlargement of time, the court must determine whether the defendant has demonstrated excusable neglect for its failure to timely file the answer:

> [A] district court has the discretion to permit the defendants to file their answer late "when the failure to act was the result of excusable neglect." Fed. R. Civ. P. 6(b). A finding of excusable neglect "is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 391 . . . (1993), but extends to some cases in which the delay is "caused by inadvertence, mistake, or carelessness." *Id.* at 388.

Lewis v. Sch. Dist. #70, 523 F.3d 730, 740 (7th Cir. 2008). In determining whether neglect is excusable, the court considers the following factors: "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reasons for delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." Comerica

2

Bank v. Esposito, 215 F. App'x 506, 508 (7th Cir. 2007) (quoting Pioneer, 507 U.S. at 388).

The defendant concedes that it received the summons and complaint on or about April 15, 2024. Dkt. No. 16-1 at 1. It claims that it "was unaware what these documents were" and believed that they, and the process server, were "intimidation tactics from Plaintiffs to accrue funds which Defendant had no obligation to transfer to Plaintiffs." Id. The defendant asserted that the plaintiff has been "incessantly and consistently demanding payment from" the defendant; it says that this caused the defendant "to have the reasonable belief that this instance was yet another attempt to scare Defendant into paying Plaintiffs funds, interest, and liquidated damages which Defendant does not owe." Id. at 1-2. The defendant states that in April 2024, it (the brief says "he," although the complaint alleges that the defendant is a corporation, Dkt. No. 1 at ¶8) was in the process of moving some 250 miles from West Allis, WI to Lake Tomahawk, WI and "did not have a minute to spare" to consider "what he believed to be another baseless threat from Plaintiffs." Id. at 2. The defendant asserts that "he" was extremely busy between early January and late April 2024, loading assets, driving them to the new location and unloading them. Id. The defendant asserts that he "was sacrificing his weekends to move into his new homestead," trying to meet obligations in Milwaukee and trying to set up shop in Lake Tomahawk. Id. The defendant says that he "did not have a minute to spare during this time period, leading him to disregarding what he believed to be another baseless threat from Plaintiffs." Id. The defendant asserts that he received notice of default judgment motion on or about June 13, 2024. Id. at 2. The defendant said that he never had seen a document like the notice of default judgment, never had been a party to a lawsuit, did not know what legal

3

options were available and began contacting other contractors, asking for referrals. Id. The defendant describes this process as "long and unfruitful," but says that "during the few moments of free time that he had," the defendant continued trying to find legal counsel, finally getting in touch with defense counsel in late June 2024. Id. at 2-3.

The defendant contends that there is no prejudice to the plaintiffs because the court has not yet decided the default judgment motion. Id. at 4. It argues that the delay in filing was "mitigated as much as possible"—basically, defense counsel argues that once he was contacted, he acted as quickly as he could to investigate and prepare the motion for enlargement of time—and that any delay is due to the time for counsel to obtain the information needed to file the motion. Id. The defendant asserts the reasons for the delay were the defendant's move and the defendant's confusion as to what the summons and complaint were. Id. Defense counsel says that the defendant "now" has been "educated on the difference between personal and mail service of documents," and that the defendant "understands the urgency required in federal actions." Id. The defendant argues that because it was served "in the middle of a life-altering move—both for himself and the business," the defendant "did not have proper time to register and evaluate the difference in the served summons, and all of the other paperwork that he had been sent." Id. at 4-5. Finally, the defendant argues that it has acted in good faith and has not intentionally dodged or "tried to skirt his way out of this case." Id. at 5. The defendant argues that once it understood the severity of the situation, it acted quickly to remedy the default. Id.

The defendant describes itself as a small business faced with litigation for the first time, but the court cannot find excusable neglect when the

4

defendant has conceded that it knew about this lawsuit but chose not to respond. The court cannot know how the plaintiffs communicated their alleged payment demands prior to April 2024, but a summons is an official court document, with the name of the court at the top and a case name and docket number in the caption. The defendant could have called the clerk's office to ask about the documents it received. It could have conducted an internet search of the word "summons," which would have alerted the defendant to its obligation to appear and respond to the complaint.

The Seventh Circuit addressed exactly this situation in Casio Computer Co., Ltd. v. Noren, 35 F. App'x 247 (7th Cir. 2002). In that case, the defendant asserted that she didn't "understand her obligation to either timely file an answer specifically admitting or denying each of Casio's allegations as required by Federal Rule of Civil Procedure 8(b) or to assert a defense by motion authorized under Federal Rule of Civil Procedure 12." Id. at 250. The Seventh Circuit explained that the "excusable neglect" standard "is reserved for miscarriages of justice caused, for instance, by a judicial officer's misrepresentations, lost mail, or plausible misinterpretations of ambiguous rules." Id. The court emphasized that "[t]his is true even for litigants . . . who appear pro se." Id. (citations omitted). And although the defendant here is a corporation, not an individual, the general proposition that "even pro se litigants must follow rules of civil procedure" still applies. Cady v. Sheahan, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)). The defendant had a legal obligation to respond to the complaint; the facts that it did not immediately recognize that and did not promptly make an effort to find out what its obligations were does not constitute excusable neglect. See Marine Travelift, Inc. v. Toby Sexton Tire Co.,

5

Case No. 08-C-601, 2009 WL 2421593, at *1 (E.D. Wis. Aug. 6, 2009) (defendant could not establish excusable neglect when it simply chose not to answer the complaint).

The other excusable neglect factors also weigh against enlarging the time for the defendant to answer. The plaintiffs will be prejudiced if the court allows the defendant to answer the complaint at this late stage. The plaintiffs' motion for default judgment is pending, and if the court's docket was less burdensome, it might have ruled on the motion before the defendant filed its request for enlargement of time. The defendant did not file anything in this case for eight months, several months after its answer deadline and several months after the entry of default. The defendant asserts that it has acted in good faith; even assuming that were true, that is not enough to establish excusable neglect.

Because the defendant cannot establish that its failure to timely file an answer was due to excusable neglect, the court will deny its motion for an enlargement of time to answer.

## II. **Default Judgment Process**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

A. Entry of Default

The affidavit of service shows that the plaintiffs' process server served Jeffery T. Barachy, the defendant's registered agent, with the summons and

6

complaint on April 15, 2024.[1] Dkt. No. 3. As stated above, the defendant has acknowledged that he was served on or about this date but did not respond, believing the summons and complaint to be an "intimidation tactic[]." Dkt. No. 16-1 at 1. The court is satisfied that the defendant was aware of this suit and chose not to respond. The clerk's entry of default was proper.

A court may set aside the entry of default "for good cause." Fed. R. Civ. P. 55(c). "A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" Cracco v. Vitran Exp., Inc., 559 F.3d 625, 630–31 (7th Cir. 2009) (quoting Sun v. Bd. of Trs. of the Univ. of Ill., 473 F.3d 799, 810 (7th Cir. 2007)).

Although the defendant did not file a motion under FRCP 55(c) asking the court to set aside the entry of default, its motion for enlargement of time to answer implicitly asks the court to set aside the clerk's entry of default. The defendant asserts that it "has never been involved in litigation" and was "utterly unaware" of how to obtain counsel. Dkt. No. 16-1 at 6–7. The defendant claims that it did not "understand[] the urgency required in federal actions" and believed that the summons and complaint were an attempt to "strong-arm him." Id. at 4. The defendant asserts that it was only after the defendant received the default judgment motion that it realized the severity of the situation. Id. at 5. The defendant argues that at that point, it immediately began seeking counsel and any delay in responding to the motion for default

---

[1] The Wisconsin Department of Financial Institutions website shows that Barachy is the registered agent for Marathon Plumbing Company. https://apps.dfi.wi.gov/apps/corpSearch/Details.aspx?entityID=M068908&hash=529067088&searchFunctionID=cfe1dfcc-6355-4b39-aac2-35df5d583234&type=Simple&q=marathon+plumbing.

7

judgment is due to exercising reasonable diligence in finding the right counsel to represent it. Id. at 7. The defendant says that it has meritorious defenses to the plaintiffs' claims because it has withdrawn from the union and does not owe anything to the funds. Id. The defendant also asserts several affirmative defenses, including failure to exhaust administrative remedies, estoppel, standing and that the defendant provided the plaintiffs with timely notice of withdrawal from the union. Id.

The defendant has not demonstrated good cause to set aside the default. The defendant willfully ignored the summons and complaint. See Cracco, 559 F.3d at 631 (an inadvertent failure to respond may constitute good cause while willful disregard of the litigation may not). A lack of legal knowledge and the defendant's busy schedule do not constitute good cause. See Jones v. Phipps, 39 F.3d 158 (7th Cir. 1994) (*pro se* plaintiff's incarceration and lack of legal counsel was not good cause to set aside default); Medline Indus., Inc. v. Medline Rx Fin., LLC, 218 F.R.D. 170 (N.D. Ill. 2003) (defendant could not establish good cause where it was aware of complaint and decided not to answer, even accounting for counsel's schedule and health issues).

Nor has the defendant demonstrated the other two elements required by Rule 55(c). Although the defendant asserts that it took quick action to respond to the motion for default judgment, the defendant did not file anything until over two months after the plaintiffs filed the motion. This is not "quick." See Oku v. Oyster Gaston5, LLC, Case No. 19 C 7673, 2020 WL 5763644, at *3 (N.D. Ill. Sept. 28, 2020) (month-long delay in responding was not "quick action" absent evidence that the defendant was not timely notified about the entry of default). Once the defendant had retained counsel, that counsel

8

immediately could have filed a motion asking for time to investigate. That did not happen.

The "meritorious defense" prong of the analysis requires the defendant to do more than state more than "bare legal conclusions." Wehrs v. Wells, 688 F.3d 886, 891 (7th Cir. 2012) (conclusory statement without factual support insufficient); Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 186 (7th Cir. 1982) (general denial of liability insufficient for a showing of a meritorious defense). The defendant asserts that it withdrew from the unions and does not owe any of the claimed amounts but has not provided any specific facts supporting these assertions. Nor does the proposed answer provide facts supporting these assertions. See Dkt. No. 17. The defendant could have provided an exhibit or affidavit supporting its claims, but it did not do so. The remaining "meritorious defenses" are general boilerplate, of the type the Seventh Circuit rejected in Breuer. The court cannot find that the defendant has shown a meritorious defense to the default judgment.

Because the defendant has not shown good cause to set aside the entry of default, the court will proceed to review the plaintiffs' motion for default judgment.

B.      Plaintiffs' Motion for Default Judgment (Dkt. No. 7)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, it accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the

9

allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The well-pleaded allegations of the complaint demonstrate that Plumbers Local 75 and the defendant were parties to a collective bargaining agreement (CBA), as well as various trust agreements incorporated by reference in the CBA. Dkt. No. 1 at ¶¶10, 13. Under both the CBA and the trust agreements, the defendant was, among other things, obligated to submit monthly reports, make benefit contributions, pay administrative costs in the event of delinquency or untimely payment of contributions and submit to an audit. Id. at ¶14. The complaint alleges that the defendant breached its obligations to the plaintiffs by failing to make regular and timely payments to the plaintiff funds and refusing to allow the funds' auditor access to books and records necessary to perform an audit for one of the funds. Id. at ¶15.

The well-pled allegations of the complaint and supporting exhibits establish liability. e360 Insight, 500 F.3d at 602. ERISA entitles the plaintiffs to damages consisting of unpaid contributions, liquidated damages, interest and reasonable attorneys' fees and costs of the suit. 29 U.S.C. § 1132(g)(2). The

10

court must conduct an inquiry to determine whether the plaintiffs have calculated the amount of damages with reasonable certainty. e360 Insight, 500 F.3d at 602. In support of their motion for default judgment, the plaintiffs attached an itemization of damages. The plaintiff funds' audit reports establish that the defendant is delinquent in the amount of $2,653.73 to the Plumbers & Gasfitters Union Local No. 75 Health Fund, $329.25 to the Plumbers Local 75 Education Fund, $54.81 to the Plumbing Industry Development Fund, Inc. and $3,386.07 to the Building Trades United Pension Trust Fund for the period January 1, 2020 to September 30, 2022 (inclusive of interest and liquidated damages). Dkt. Nos. 8 at ¶8; 10 at ¶8. The plaintiffs assert that as the date of their filing, the defendant had not made any payments towards these delinquencies. Dkt. No. 13 at 4–5. The plaintiffs support this assertion with affidavits from the third-party administrators of the plaintiff funds. Dkt. Nos. 9 at ¶4; 11 at ¶4.

As for attorneys' fees and costs, the plaintiffs provided an affidavit from their lawyer, Alex J. Sterling. Dkt. No. 12. Sterling's affidavit includes a breakdown of tasks completed and time spent on the case, calculating that he expended a total 12.9 hours at a rate of $180 per hour for the three plaintiffs in this case. Dkt. No. 13 at 5–6 (citing Dkt. No 12-2). This reflects a total of $2,322 in attorneys' fees and $580.40 in costs for case opening fees and service of process. Dkt. No. 12 at ¶¶7–8. The court finds these fees and costs to be reasonable.

The court will enter judgment in favor of the plaintiffs in the amount of $9,326.26. The evidence provided by the plaintiffs sufficiently establishes these calculations and total amounts, so a hearing is unnecessary. See e360 Insight, 500 F.3d at 602 (stating a hearing to determine damages is not necessary if the

11

claimed amount is "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits").

### IV. Conclusion

The court **DENIES** the defendant's motion for enlargement of time and for leave to file an answer. Dkt. No. 16.

The court **GRANTS** the plaintiffs' motion for default judgment. Dkt. No. 7.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiffs and against the defendant in the amount of $9,326.26 for unpaid contributions, interest, liquidated damages and reasonable attorneys' fees and costs.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 7th day of March, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
